UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Lamar Hosey, | ) | C/A No. 0:06-3236-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Federal Bureau of Prisons, | ) | |
| Warden Matthew B. Hamidullah, | ) | |
| FCI, Estill, | ) | |
| Defendants | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings a *Bivens* action and a claim pursuant to the Federal Tort Claims Act alleging that he is an inmate at FCI-Estill and that he fell on a soccer field at FCI-Estill, resulting in an injury to his knee.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Bristow Marchant filed July 30, 2007. Based on his review of the record, the Magistrate Judge concluded that the defendant's motion to dismiss or for summary judgment should be granted on the basis that no genuine issue of material fact is present as to defendant's alleged deliberate indifference to plaintiff's medical needs in connection with follow-up treatment after knee surgery. He also recommended a finding that there was no showing that a hole existed on the soccer field and that, even if a hole existed, there was no proof that the defendants breached their legal duty of care to the plaintiff in connection with the maintenance of the soccer field.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file

1

written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Plaintiff filed objections on August 9, 2007, in which he asserts that the Magistrate Judge failed to liberally construe his complaint as to his medical treatment and as to the condition of the field. The Court has reviewed the plaintiff's objections and finds that the Magistrate Judge thoroughly analyzed the issues.[1] Accordingly, the Court finds the plaintiff's objections lack merit and they are hereby overruled.

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court adopts the Report and Recommendation and incorporates it herein by reference. Therefore, the defendant's [29] Motion to Dismiss is treated as a motion for summary judgment and is granted.[2]

---

[1] In addition to the failure to prove negligence in the maintenance of the soccer field as noted by the Magistrate Judge at page 16 of the Report, the plaintiff has not shown that the defendant had notice of any hazardous condition prior to the plaintiff's injury.

[2] Fed. R. Civ. P. 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the

**IT IS SO ORDERED.**

February 26, 2008                           s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

---

material that is pertinent to the motion."